

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-19-00090-CR

———————————————————

FREDDIE MONROE PICKETT A/K/A FREDDY MONROE PICKETT,
Appellant

V.

THE STATE OF TEXAS

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR13919

Before Kerr; Sudderth, C.J.; and Wallach, J.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

A jury (1) found Freddie Monroe Pickett a/k/a Freddy Monroe Pickett guilty of possession of less than one ounce of a controlled substance, cocaine; (2) found an "enhancement paragraph" and a "habitual count" true;[1] and (3) assessed his punishment at 15 years in prison. *See* Tex. Health & Safety Code Ann. § 481.115; Tex. Penal Code Ann. § 12.425(b). After the trial court sentenced Pickett, he appealed.

Pickett's appointed appellate counsel has moved to withdraw and filed a supporting brief under *Anders v. California*, representing that after thoroughly and conscientiously examining the record, he had found no arguable points and concluded that the appeal was frivolous. 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Counsel's brief and motion satisfy *Anders* by professionally evaluating the record and showing why there are no arguable grounds for relief. *See id.*; *In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding).

Pickett filed a pro se response to his counsel's brief.[2] In addition to his pro se response, Pickett has sent us approximately 22 letters.[3]

---

[1]For clarity, we use the same appellation as in the indictment.

[2]Appointed counsel indicated that he had sent Pickett a copy of the record. Pickett acknowledged receiving the record two months before filing his response.

[3]A defendant has no absolute right to hybrid representation; courts may ignore pro se motions filed by defendants with appointed counsel. *See Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995); *Ragsdale v. State*, No. 02-17-00340-CR, 2019 WL 2454862, at *2 n.1 (Tex. App.—Fort Worth June 13, 2019, no pet.) (mem. op., not designated for publication).

The State has not filed a brief.

Once an appellant's court-appointed attorney moves to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, we must independently examine the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Only then may we allow counsel to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record, counsel's brief, and Pickett's pro se response. We agree with counsel that this appeal is frivolous and without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006); *Wilson v. State*, No. 02-17-00194-CR, 2018 WL 3580883, at *1 (Tex. App.—Fort Worth July 26, 2018, no pet.) (mem. op., not designated for publication); *Davis v. State*, No. 02-17-00109-CR, 2018 WL 1751627, at *1 (Tex. App.—Fort Worth Apr. 12, 2018, no pet.) (mem. op., not designated for publication).

We have, however, noted clerical error in the judgment. We have the power to correct and reform judgments "to make the record speak the truth" whenever—had the matter been brought to the trial court's attention—the trial court could have corrected the error through a judgment nunc pro tunc. *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd) ("The authority of an appellate court to reform incorrect judgments is not dependent upon the request of any party, nor

does it turn on the question of whether a party has or has not objected in the trial court.").

The indictment contained two enhancement paragraphs and two habitual counts.[4] But at the punishment trial, the State proceeded on, and Pickett pleaded true to, only the second enhancement paragraph and the first habitual count. The judgment incorrectly reflects that the State proceeded on, and Pickett pleaded true to, the first enhancement paragraph and both habitual counts. We thus modify the judgment to speak the truth.

Accordingly, we grant counsel's motion to withdraw, modify the judgment to reflect that the State proceeded on and Pickett pleaded true to only the second enhancement paragraph and the first habitual count, and, as modified, affirm the trial court's judgment.


Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  April 30, 2020

---

[4]Before trial, the prosecutor argued that—with the enhancement paragraphs and habitual counts—Pickett was facing a punishment range of 25 years to life.